**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SKECHERS U.S.A., INC. II, | Case No.: 1:24-cv-04541 |
| Plaintiff, | |
| v. | Judge Thomas M. Durkin |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS d/b/a THE DOMAIN NAMES IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Beth W. Jantz |
| Defendants. | |

**DEFENDANT NO. 40'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS FOR ENTRY OF A PREJUDGMENT ASSET RESTRAINT UNDER FED. R. CIV. P. 64**

Pursuant to this Court's minute order (Dkt. 115), Defendant No. 40, Changsha Dilis E-Commerce Co., Ltd., operating the website halcfg.com ("Defendant"), files this Response to Plaintiff Skechers U.S.A., Inc., II's ("Skechers" or "Plaintiff") Supplemental Memorandum in Support of Plaintiff's Motions for a Prejudgment Asset Restraint (Dkt. 121).

**Plaintiff fails to satisfy the statutory requirements for a prejudgment asset restraint order under the Illinois statute.** *First*, an attachment proceeding is a proceeding in rem, where the res itself must be within the jurisdiction of such court. *See Apollo Metals, Inc. v. Standard Mirror Co.*, 87 Ill. App. 2d 383, 388, 231 N.E.2d 655, 658 (Ill. App. Ct. 1967). The Illinois prejudgment attachment statute is designed to attach to Defendant's *Illinois* property only. *Vinylweld, Inc. v. Metro. Greetings, Inc.*, 360 F. Supp. 1360, 1362 (N.D. Ill. 1973), aff'd, 519 F.2d 1406 (7th Cir. 1975) ("Where a foreign corporation is not a state resident, the Attachment Act subjects *its Illinois property* to court supervision during the pendency of the lawsuit.") (emphasis added). Defendant's assets in its PayPal account are not property located in Illinois subject to the

1

statute. In fact, Defendant does not have property located in Illinois. October 14, 2024 Supplemental Declaration of Jian Liu, attached to this Response.

*Second*, in Dkt. 121, Plaintiff admits that it is a mere claimant with a claim against Defendant sounding in "tort." (*See* Dkt. 121 at 7.) "***In all actions sounding in tort***," 735 ILCS 5/4-104 requires the following:

> "***before an order for attachment is entered***, the plaintiff, his or her agent or attorney, shall apply to the circuit court of the county in which the action is to be brought or is pending and be examined, under oath, by the court concerning the cause of action; and, thereupon, the court shall indorse upon the affidavit the amount of damages for which the order for attachment shall be entered, ***and no greater amount shall be claimed.***"

735 ILCS 5/4-104 (emphasis added). Thus, in tort cases, the plaintiff or the plaintiff's agent or attorney must appear in the appropriate court and be examined under oath by a judge about the case. 3 Ill. Prac., Civil Procedure Before Trial § 20:4 (2d ed.). No such examination process has been conducted or applied for by Plaintiff. Issuance of the attachment order is premature.

**Plaintiff will not suffer any irreparable harm without the requested attachment order.** As established in the Declaration of Jian Liu (Dkt. 33), the Supplemental Declaration of Jian Liu, and Defendant's course of conduct in this litigation, Defendant is a sizeable business, represented by counsel, has engaged in good faith negotiations with Skechers, has responded diligently to Skechers' requests for information and documents, and has timely answered Skechers' Complaint. Nothing in the record of this case suggests that Defendant will not honor the Court's orders and judgments. The showing required for the Illinois prejudgment attachment statute is separate from the preliminary injunction standards previously litigated in this Court. Even if Plaintiff has previously shown its likelihood of success on the merits (which Defendant disagrees), Plaintiff still needs to show why the extraordinary remedy of prejudgment attachment is needed in addition to preliminary injunction. Plaintiff is not automatically entitled to prejudgment attachment whenever it is granted preliminary

injunction against a foreign corporation. As the remedies provided by the federal trademark statute is adequate, there is no need to issue another extraordinary remedy under Illinois state law, particularly against assets that are not even located in Illinois.

**The amount of assets Plaintiff seeks to attach is grossly disproportionate to the alleged injury.** Defendant's PayPal accounting (which Plaintiff received and reviewed), Declarations, and other disclosures to Skechers, show that the alleged infringing Facebook advertisement was only posted by Defendant for three days. *See* Supplemental Declaration of Jian Liu. The Facebook advertisement at issue only led to 14 clicks to the sales link for the shoes being promoted in the advertisement. *Id.* The 14 clicks resulted in two sales of the shoes: one was to Italy, and the other was to Skechers or its counsel on January 17, 2024, after Dilis deleted the Facebook post. The total amount of sales of the shoes is less than $100 USD, and the total sales amount in the US is less than $50 USD. *Id.* But Plaintiff seeks to attach $137,000.00 in Defendant's PayPal account—over 2,500 times of Defendant's US sales proceeds derived from the shoes at issue. The amount restrained is not commensurate with the harm allegedly suffered by Plaintiff.

For such an extraordinary remedy, all Plaintiff relied on, however, is a boilerplate expert report that Plaintiff used against all other defendants. The expert himself has acknowledged that his assessment is ***not*** based on clear data on Defendant's alleged damaging activities; nonetheless, the expert speculates that "Defendant's damaging activities, at minimum, had worldwide reach." Dkt. 37-4 at 4. The statement is simply contrary to the very small numbers of sales associated with the advertisement, which only ran three days.

For the foregoing reasons, the reasons stated in Dkt. 60, and the reasons advanced by the other defendants in opposition to Plaintiff's request for asset restraint, Defendant respectfully requests the Court deny Plaintiff's Motion and dismiss the asset restraint order.

| | |
|---|---|
| DATED: <u>October 15, 2024</u> | Respectfully submitted, |

*/s/ Sage X. Wen*
Yizhou Liu (OH 0093842, NDIL admitted)
Sage X. Wen (OH 0098975, NDIL admitted)
bliu@calfee.com
swen@calfee.cin
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
(216) 622-8200 (Telephone)
(216) 241-0816 (Facsimile)

*Attorneys for Defendant No. 40, halcfg.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email to all registered attorneys of record.

*/s/ Sage X. Wen*
*Attorney for Defendant No. 40, halcfg.com*
