UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SKECHERS U.S.A., INC. II,<br><br>    Plaintiff,<br><br> v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS d/b/a THE DOMAIN NAMES IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | No. 24 CV 4541<br><br>Judge Thomas M. Durkin |

**ORDER**

  The Court herein addresses the pending motions in this case. First, Skechers moves for a prejudgment asset restraint pursuant to Federal Rule of Civil Procedure 64. R. 36, R. 43, and R. 98. Rule 64 allows federal courts to "issue all orders necessary and proper to protect the enforceability of a judgment before it becomes final, provided only that the forum state equips its own courts with such remedies." *Philips Med. Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 604 (7th Cir. 1993). Skechers argues that Illinois law provides for such an asset restraint under 735 ILCS 5/4-101. R. 37 at 4; R. 44 at 9; R. 99 at 8. Under the statute: "[A] creditor having a money claim, whether liquidated or unliquidated, and whether sounding in contract or tort . . . may have an attachment against the property of his or her debtor . . . [including] [w]here the debtor is not a resident of this State." 735 ILCS 5/4-101. Skecher's argument fails because Skechers is a plaintiff, not a creditor. A creditor is a "person or entity with a

1

*definite claim* against another, esp. a claim that is capable of adjustment and liquidation." CREDITOR, Black's Law Dictionary (12th ed. 2024) (emphasis added). At this stage of litigation, Skechers has a potential claim for money damages, not a definite claim. The Court requested supplemental briefing from Skechers on this issue at R. 115, and Skechers failed to cite any precedent where, after reviewing the Illinois statute, a court found that it applied to a plaintiff with an unresolved claim. *See* R. 121. Skechers identified *U.S. Bank Nat. Ass'n v. Rose*, 4 N.E.3d 601 (Ill. App. Ct. 2014). But in *Rose*, the party was "a creditor . . . by virtue of promissory notes executed [in his favor]." *Id.* at 603. Skechers also identified *Romans v. Orange Pelican, LLC*, No. 22-cv-4169 (N.D. Ill. 2022). And in *Romans*, the creditor issue was not in dispute and the Court did not address it. *Id.* at Docket No. 22, pg. 13. For these reasons, Skechers' motions at R. 36, R. 43, and R. 98 are denied.[1]

Second, Defendants Nos. 4, 11, 24, 32, and 41 move to dismiss. R. 77. Defendants first argue lack of personal jurisdiction because the only sale made by these Defendants in Illinois was to Plaintiff's counsel. *Id.* at 4. But in Schedule A cases like this one, personal jurisdiction exists where an online retailer "sold at least one product in Illinois." *Roblox Corp. v. Bigfinz*, 2023 WL 8258653, at *1 (N.D. Ill. Nov. 29, 2023). The fact that the sale was made to Plaintiff's counsel does not change the analysis. Defendants second argument is that email service was improper under the Hague Convention. R. 77 at 7. But email service is appropriate in Schedule A

---

[1] Rule 64 also provides that "a federal statute governs to the extent it applies." Because the Court denied Skecher's motions on the grounds that Skechers was not a creditor, the Court does not reach the issue of whether federal trademark law bars application of Rule 64.

cases like this one. *See Klauber Bros., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, 2024 WL 182209, at *3 (N.D. Ill. Jan. 17, 2024). Finally, Defendant No. 32 argues that it should be dismissed because Plaintiff brought the same claims against it in another action, *Skechers U.S.A., Inc. II v. The Partnerships and Unincorporated Associations*, No. 24-cv-596 (N.D. Ill. Jan. 23, 2024). R. 77 at 8. But in Case No. 24-cv-596, the defendant's identity is currently in dispute. R. 93 at 14. For the reasons stated above, the motion to dismiss is denied regarding jurisdiction and service. As to the third issue regarding the identity of Defendant No. 32, the motion to dismiss is denied without prejudice. When the parties resolve the identity of the defendant in Case No. 24-cv-596, Defendant No. 32 may re-file its motion to dismiss if still appropriate.

Third, the Abrahamstore Defendants move to dismiss. R. 130. Defendants argue that email service was improper under the Hague Convention. *Id.* at 8. But as stated above, email service was appropriate in this case. As to service, the motion to dismiss is denied. Defendants also argue lack of personal jurisdiction. *Id.* at 3. As discussed above, personal jurisdiction exists where an online retailer sold at least one product in Illinois. Plaintiff's response is ambiguous on this issue and states that "each company linked to the Defendant Domain Names has admitted to making at least one sale to consumers in Illinois." R. 138 at 2. As to jurisdiction, the motion to dismiss is entered and continued. By November 26, 2024, Plaintiff shall submit a brief setting forth evidence to show whether each Defendant identified in the motion sold at least one allegedly infringing product in Illinois.

3

Fourth, the Defendants identified at R. 39-2 move for modification of the asset restraint. R. 39. Defendants contend that the amount restrained is approximately $1.2 million while the net profits from sales of allegedly infringing products was $140,495.15. R. 123. The motion is entered and continued. The Court encourages the parties to reach an agreement regarding modification of the asset restraint. If the parties cannot reach an agreement, then by November 26, 2024, the parties shall submit a joint status report addressing the appropriate amount for an asset restraint with each side getting no more than five pages. The restraint on its face seems excessive and Plaintiff needs to address that.

Finally, the Defendants identified at R. 39-2 requested a briefing schedule to oppose Plaintiff's motion for entry of a preliminary injunction. R. 39 at 4. If Defendants wish to proceed, the parties shall submit an agreed briefing schedule to the Court by November 26, 2024.

## Conclusion

For the foregoing reasons, Skechers' motions for a prejudgment asset restraint (R. 36, R. 43, and R. 98) are denied. The motion to dismiss (R. 77) filed by Defendant Nos. 4, 11, 24, 32, and 41 is denied.

The motion to dismiss (R. 130) filed by the Abrahamstore Defendants is entered and continued. By November 26, 2024, Plaintiff shall submit a brief setting forth evidence to show whether each Defendant identified in the motion sold at least one allegedly infringing product in Illinois.

The motion to modify the asset restraint (R. 39) is entered and continued. By November 26, 2024, the parties shall submit a joint status report setting forth their positions as to the appropriate amount for the modified asset restraint.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

DATED: November 18, 2024